## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MANOJ PAPA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EDWARD J. GREEN and | ) |
| COMMUNITY FIRST HEALTHCARE | ) |
| OF ILLINOIS, INC. d/b/a COMMUNITY | ) |
| FIRST MEDICAL CENTER, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Now comes the Plaintiff, Manoj Papa ("Papa"), through counsel, Vaziri Law LLC, and

for his Complaint against the Defendants, Edward J. Green ("Green") and Community First

Healthcare of Illinois, Inc. d/b/a Community First Medical Center ("CFMC"), states as follows:

### Jurisdiction

1.     Papa bring this action pursuant to 42 U.S.C. 1981 and alleges intentional racial

discrimination against CFMC.

2.     Federal question jurisdiction arises under 28 U.S.C. 1331.

### Venue

3.     Pursuant to 28 U.S.C. 1391, venue is proper in this district because a substantial

part of the events or omissions giving rise to the claims occurred in this district.

### Parties

4.     Papa, of Asian descent (India), is a resident of DuPage County, Illinois.

5.     Upon information and belief, Green is a resident of Cook County, Illinois. Green

is the President of CFMC. Green is also a fifty percent owner of CFMC.

1

6. CFMC is an Illinois corporation that operates a hospital located at 5645 W. Addison St., Chicago, Cook County, Illinois ("the hospital").

**Further Allegations Common to All Counts**

7. CFMC hired Papa on or around July 29, 2019 as its Director of Materials.

8. In his role as Director of Materials, CFMC expected Papa to, amongst other duties, lead a team of about ten subordinates whose department was tasked with maintaining the hospital's medical supplies.

9. At all relevant times, CFMC maintained an Equal Employment Opportunity and Anti-Harassment and Anti-Discrimination policy. Accordingly, in exchange for Papa's agreement to work at the hospital as its Director of Materials, CFMC promised him a workplace free from discrimination based on race, national origin, religion, etc.

10. At all relevant times, in exchange for hiring and paying him as the hospital's Director of Materials, Papa was expected to manage the employees in his department.

11. At all relevant times, Michael Cherney ("Cherney") (deceased) was CFMC's Chief Financial Officer.

12. At all relevant times, Papa reported to Cherney.

13. At all relevant times, Papa interacted with Cherney in person on close to a daily basis if not on a daily basis.

14. At all relevant times, Cherney would frequently make racist remarks to Papa, sometimes when they were alone, other times to others when Papa was not present, and also to Papa in the presence of others.

15. Examples of the racist remarks Cherney made include:

    a) When Papa interacted with a co-worker named Faisal, who was Pakistani, Cherney would ridicule Papa for it based on the premise that Papa should

treat Faisal as an enemy (due to the historical conflicts between India and Pakistan);

b)   Cherney would often get Papa's attention, or refer to him, by calling him "Hey you Hindu!" or "Hey you Muslim!" (referencing the fact that the predominant religions in India are Hinduism and Islam);

c)   At other times, Cherney would refer to Papa as a "red dot" or "red dot Indian" (referring to the bindi, a small red dot worn by some Indians as a cultural tradition).

16.   Most of the time Cherney made these remarks to or about Papa, Cherney would also use profanity and other aggressive and hostile language.

17.   Most of the time Cherney made these remarks to or about Papa, Cherney would otherwise demean and humiliate Papa in front of his colleagues.

18.   Papa reported Cherney's racist remarks to CFMC's Human Resources ("HR").

19.   CFMC's HR representative blew off Papa's complaint, merely remarked "Everyone knows he's racist," and did nothing to investigate or resolve the issue.

20.   Green was also made aware of Cherney's racist remarks and attitude towards Papa, and he, too, did nothing in response.

21.   For about a three month period when Papa worked at the hospital, Cherney would engage in the aforementioned conduct at least every couple days.

22.   Thereafter, Cherney's aforementioned conduct continued but somewhat less frequently.

23.   Papa told Cherney the racist remarks were unwelcome and made him very uncomfortable.

24.   Papa told CFMC's HR and ownership that Cherney's racist remarks were unwelcome and made him very uncomfortable.

25. Cherney's racist harassment of Papa was so severe and frequent that it altered the conditions of his employment and created a highly hostile work environment for Papa.

26. CFMC terminated Papa's employment on or around October 10, 2020.

**Count I—Race Discrimination**
**Civil Rights Act of 1866, 42 U.S.C. 1981**
**Against Both Defendants**

27. Papa realleges the above paragraphs as though fully set forth herein.

28. Papa is a member of a racial minority.

29. CFMC, through its agents/servants/employees, intentionally discriminated against Papa based on his race.

30. Green intentionally discriminated against Papa based on his race.

31. CFMC's and Green's racial discrimination against Papa concerned the enforcing of a contract, namely his agreement to work for CFMC as its Director of Operations based on representations and promises it made to him.

32. CFMC's and Green's racial discrimination against Papa was committed with a reckless indifference to his federally protected rights.

WHEREFORE, the Plaintiff, Manoj Papa, respectfully requests that this Court enter judgment in his favor and against Defendants, and also enter an order granting the following relief:

    i) A declaration that Defendants violated 42 U.S.C. 1981;

    ii) An award for back pay, front pay, and the value of benefits lost;

    iii) An award for compensatory and punitive damages in an amount sufficient to punish Defendants' past reckless discrimination and to deter them from engaging in such discriminatory practices in the future;

    iv) An award for pre-judgment interest and post-judgment interest;

v)       An award for reasonable attorney's fees and costs; and

vi)     Whatever other relief this Court deems just and proper.

**Jury trial demanded.**

Respectfully submitted,

/s/  Pasha Vaziri
*Counsel for Plaintiff*

Pasha Vaziri, Esq.
Vaziri Law LLC
111 W. Washington St., Ste. 1500
Chicago, IL 60602
(312)690-2610
pvaziri@vaziri.law
ARDC No.: 6301091